The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Abraham Flaxman and
Amy Hagopian, individually
and for a proposed class,
                         *Plaintiffs*,

*v.*

Bob Ferguson, in his official
capacity as the Attorney Gen-
eral of the State of Washing-
ton, and Kate Reynolds, in
her official capacity as Execu-
tive Director of the Executive
Ethics Board of the State of
Washington,
                         *Defendants*.

Case No. 2:23-cv-01581-KKE

AMENDED CLASS ACTION
COMPLAINT FOR VIOLA-
TION OF FIRST AND FOUR-
TEENTH AMENDMENT
RIGHTS SEEKING DECLAR-
ATORY AND INJUNCTIVE
RELIEF ONLY

Pursuant to Rule 15(a)(1)(B), plaintiffs file this amended complaint and, by

their attorneys JAY GAIRSON, GAIRSON LAW, LLC, and KENNETH N. FLAXMAN

AND JOEL A. FLAXMAN, KENNETH N. FLAXMAN P.C. allege as follows:

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-1 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

# I.  Introduction

1.      Plaintiffs are the co-moderators of the "Faculty Concerns" internet mailing list hosted by the University of Washington. The mailing list is a public forum that facilitates the exchange of ideas on matters of general higher education concern to faculty members. The "Executive Ethics Board" (EEB), an agency of the State of Washington, has adopted a variety of policies that, as applied by the Board, restrict the content of statements that may be shared on the "Faculty Issues and Concerns" mailing list, thereby depriving plaintiffs and those similarly situated of rights secured by the First Amendment to the Constitution of the United States. Plaintiffs bring this action, individually and for all subscribers to the "Faculty Concerns" mailing list for declaratory and equitable relief to end these policies.

# II.  Jurisdiction and Venue

2.      This is a civil action arising under 42 U.S.C. § 1983 to enforce rights secured by the First and Fourteenth Amendments to the Constitution of the United States.

3.      Plaintiffs, individually and for a putative class, invoke the jurisdiction of the Court pursuant to 28 U.S.C. § 1343.

4.      The events giving rise to this action occurred in the Western District of Washington.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-2 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

### III. Parties

5.      Plaintiffs Abraham Flaxman and Amy Hagopian are faculty members of the University of Washington.

   a.  Flaxman is an Associate Professor in the Department of Global Health of the University of Washington Schools of Public Health and Medicine and in the Department of Health Metrics of the University of Washington School of Medicine. He is currently leading the development of a simulation platform to derive "what-if" results from Global Burden of Disease estimates and is engaged in methodological and operational research on verbal autopsy.

   b.  Hagopian is a Professor Emeritus in the University of Washington School of Public Health, appointed in both the Department of Global Health and the Department of Health Systems and Population Health. Hagopian directed the Community-Oriented Public Health Practice Program of the School of Public Health for nearly ten years.

6.      Plaintiffs bring this case as a class action pursuant to Rule 23(b)(2), as explained below with greater specificity.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-3 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

7.     Each plaintiff is an established and admired scholar in their respective disciplines, and each is a valued member of the University of Washington.

8.     Defendant Bob Ferguson is the Attorney General of the State of Washington and is the chief legal officer of the State of Washington. Plaintiffs sue Ferguson in his official capacity only.

9.     Defendant Kate Reynolds is the Executive Director of the "Executive Ethics Board" of the State of Washington. Plaintiffs sue Reynolds in her official capacity only.

### IV. Factual Background

10.  For about thirty years, the University of Washington has hosted an electronic mailing list known as the "Faculty Issues and Concerns" mailing list.

11.  The "Faculty Issues and Concerns" mailing list is a "discussion list" that serves as a public forum for faculty conversations about matters of general higher education concern.

12.  At the time of the filing of this amended complaint, about 2,200 persons, including plaintiffs, subscribe to the "Faculty Issues and Concerns" mailing list.

//

//

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-4 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

13.  The mailing list is open to full discussion of challenging and important topics of interest to the community of scholars at the University of Washington, even when postings contradict the positions or values of others on the list.

14.  The "Faculty Issues and Concerns" mailing list is a "moderated list" which means that each posting must be approved by a "moderator" before it can be electronically transmitted by email to persons who have subscribed to the list.

15.  The persons who serve as moderators of the mailing list have volunteered their moderation services without compensation or promise of compensation.

16.  Plaintiffs serve as the two primary volunteer moderators of the mailing list; plaintiffs foster the list as a public forum, guarding against personal attacks or rude remarks (also known as "trolling") and minimizing back and forth exchanges.

17.  As moderators of the mailing list, plaintiffs seek to maintain an open and effective public forum that encourages an active discussion of higher education issues and faculty rights.

18.  Plaintiffs do not censor or edit postings to the list because of content or subject matter and seek to balance open discussion with the knowledge that

<table>
<tr><td>AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-5</td><td>Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com</td></tr>
</table>

the subscribers to the list do not want their inboxes overwhelmed with messages or personal attacks.

19. Plaintiffs have at all times sought to comply with RCW 42.52, the "Ethics in Public Service" statute described below and have not knowingly approved any posting to the list that they perceived as violating the "Ethics in Public Service" statute.

20. Plaintiffs have not knowingly approved any posting to the list that they perceived as engaging in partisan electoral politics. Nor have plaintiffs approved any posting to the list that they perceived as an attempt to use the list for private gain.

21. The cost to the University of Washington to send a message to each member of the "Faculty Issues and Concerns" mailing list does not involve any actual, measurable expenditure of public funds.

## V.  RCW 42.52: The "Ethics in Public Service" Statute

22. The "Ethics in Public Service" statute, RCW 42.52, prohibits the use of state resources for "private gain," RCW 42.52.160, and for political campaigns, RCW 42.52.180.

//

//

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-6 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

### A. Private gain

23.  The statute defines the use of state resources for private gain as the use of state resources "for the private benefit or gain of the officer, employee, or another." RCW 42.52.160.

### B. Political campaigns

24.  The statute defines the use of state resources for political campaigns as acts taken "for the purpose of assisting a campaign for election of a person to an office or for the promotion of or opposition to a ballot proposition." RCW 42.52.180(1).

### C. No Challenge to the Constitutionality of the Statute

25.  Plaintiffs do not make a facial challenge to the constitutionality of any portion of RCW 42.52.

## VI. The "Executive Ethics Board"

26. The "Executives Ethics Board" ("EEB") is established by RCW 42.52.350 to enforce the "Ethics in Public Service" statute, RCW 42.52. The statute applies, *inter alia*, to employees of institutions of higher education, RCW 42.52.360(1), including plaintiffs and other subscribers to the "Faculty Issues and Concerns" mailing list.

//

//

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-7 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

27. The statute vests in the "Executive Ethics Board" the power to investigate complaints and to impose sanctions, including reprimands and monetary penalties. RCW 42.52.360(d) and (e).

28. RCW 42.52.360(c) establishes guidelines for sanctions for a violation of RCW 42.52.160 ("private gain"), mandating that

> (c) [T]he administrative process shall include reasonable determinations by the institution of higher education of:
>
> (1) Acceptable private uses having more than de minimis costs to the institution of higher education and a method of establishing fair and reasonable reimbursement charges for private uses the cost of which are in excess of de minimis.

29. The statute does not establish any guideline for the appropriate sanction for a violation of RCW 42.52.180 (political campaigns) and directs the Executive Ethics Board to "[e]stablish criteria regarding the levels of civil penalties appropriate for violations of this chapter and rules adopted under it." RCW 42.52.360(g).

30. As explained below, plaintiffs contend that the "Executives Ethics Board" has applied the statute to restrict, without any compelling state interest, the content of statements that may be shared on the "Faculty Issues and Concerns" mailing list, thereby depriving plaintiffs and those similarly situated

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-8 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |
|---|---|

of rights secured by the First Amendment to the Constitution of the United States.

31.  The EEB has adopted a set of rules that, under RCW 35.05.01, have the force of law. These rules appear at WAC 292-100 (procedural rules), WAC 292-110 (substantive rules), and WAC 292-120 (penalty rules).

### A. The procedural rule authorizing anonymous complaints

32.  RCW 42.52.410(1) requires that a complaint be signed by the complainant "personally or by his or her attorney."

33.  The EEB has adopted a rule authorizing the submission of anonymous complaints. WAC 291-100-030(1).

34.  The EEB is one of two ethics boards created by RCW 42.52. In contract to the EEB, the "Legislative Ethics Board," created by RCW 42.52.310, requires that all complaints must be "signed under oath by either the complainant or his or her attorney." LEB, Rule 1(B)(4). [*]

35.  When LEB staff conclude that the complaint is entitled to statutory whistleblower protection under RCW 42.52.410, it will redact the complainant's name and other identifying information before sharing the complaint with the board members and the respondent. (LEB, Rule 1(B)(6).)

---

[*] The rules of the LEB are available at https://leg.wa.gov/LEB/Pages/LEBRules.aspx.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-9 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |
|---|---|

36. By permitting the filing of anonymous complaints, the EEB allows anyone to complain about any posting in the "Faculty Issues and Concerns" mailing list without fear of being criticized or facing sanctions for having made a false and malicious complaint. This rule thus encourages and has resulted in the submission of complaints to intimidate and silence discussion of specific topics on the "Faculty Issues and Concerns" mailing list.

37. Each of the named plaintiffs has been the subject of one or more anonymous complaints, as explained below.

**B. The procedural rule authorizing unfettered inspection of faculty email to search for claimed violations of the "Ethics and Public Service Act"**

38. The customary practice of the EEB in investigating a complaint is to search for any potential violations of the ethics statute in addition to those specified in the complaint.

39. The official position of the EEB is that once it receives an anonymous complaint of a violation of the "Ethics in Public Service Act" it is free

40. to search for any violation of the Act, irrespective of the specific allegations of the complaint.

41. When a complaint involves email sent to the "Faculty Issues and Concerns" mailing list, the EEB will review each email sent or received by the

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-10 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

subject of a complaint without regard to whether the email was to or from the "Faculty Issues and Concerns" mailing list.

42.   The EEB does not have a legitimate basis to conduct such an expansive search when the complaint implicates a single email that can readily be obtained from the archives of the "Faculty Issues and Concerns" mailing list.

43.   The EEB has sought to defend this practice by declaring that there is no expectation of privacy in electronic mail sent to or from members of the faculty of state universities. WAC 292-110-010(4).

44.   Plaintiffs, like other faculty members, use email to develop and share their thoughts with one another. The confidentiality of such discussions is vital to scholarship and fostering an atmosphere for learning. The EEB's boundless examination of faculty email accounts interferes with the right to academic freedom protected by the First Amendment.

45.   Plaintiffs, like other faculty members, also use email to communicate about personnel matters, such as employee evaluations and hiring and promotion decisions. The EEB's unfettered examination of faculty email infringes on plaintiffs' right to privacy in these communications.

46. The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), protects from disclosure communications between faculty and

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-11 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

students about education records. Plaintiffs' email, as well as email of other faculty members, includes messages from students about matters protected from disclosure by FERPA. The EEB's unfettered examination of faculty email thus interferes with privacy rights established by FERPA.

47.  This overbroad email search chills academic discussions on the "Faculty Issues and Concerns" mailing list and thereby deprives plaintiffs and other subscribers of the mailing list of First Amendment rights.

### C. Zero tolerance standard for forwarded emails that include an incidental request for financial contributions

48.  Members of the "Faculty Issues and Concerns" mailing list on occasions forward to the list materials that have appeared on other mailing lists that touch on matters of general higher education concern to faculty members. These forwarded emails may include a request to contribute funds to a particular cause. Subscribers to the "Faculty Issues and Concerns" mailing list would not find, taking the forwarded email as whole, that it was request for donations.

49.  The policy of the EEB is that any email on the "Faculty Issues and Concerns" mailing that includes an incidental request for contributions to a particular cause is the use of state resources for private gain that violates RCW 42.52.160.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-12 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |
|---|---|

50. The EEB has applied this policy to plaintiffs, as set out with greater specificity below.

51. The refusal of the EEB to consider the email as a whole in determining whether there has been an unlawful use of state resources for private gain chills the exercise of First Amendment Rights by participants in the "Faculty Issues and Concerns" mailing list.

### D. Setting penalties to chill protected speech

52. The EEB has established a rule authorizing it to impose monetary sanctions of "up to five thousand dollars per violation or three times the economic value of anything sought or received … whichever is greater." WAC 292-120-020(3).

53. The EEB's practice in setting penalties contravenes the "excessive fines" clause of the Eighth Amendment and chills academic discussions on the "Faculty Issues and Concerns" mailing list.

54. The EEB has applied these practices to plaintiffs, as described below with greater specificity.

### VII. Application of the Challenged Policies to Plaintiffs

55. The policies of the EEB described above have been applied to plaintiffs, who include the following allegations to show a credible threat of

AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-13

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

enforcement and thereby demonstrate that the case presents an actual contro-

versy. Plaintiffs, by including these allegations, are not asking the Court to in-

terfere with any administrative proceeding pending before the EEB.

### A.   Dr. Flaxman, Complaint 2022-046

56.  On December 8, 2022, the EEB received an anonymous complaint al-

leging that Plaintiff Flaxman had "use[d] public resources for political cam-

paigns." A copy of this anonymous complaint is attached to this complaint as

Exhibit 1.

57.  The anonymous complaint quoted an email that Plaintiff Flaxman had

sent to the "Faculty Issues and Concerns" mailing list on November 29, 2022.

58.  Plaintiff Flaxman explained in that email that he was "forwarding a

message that was contributed anonymously on the topic of health insurance by

a list member."

59.  The forwarded message states as follows:

> I am volunteering with Whole Washington, a campaign to bring
> universal healthcare to Washington state. It seems like many
> people on the list expressing concern about Regence's ever
> shrinking provider list (my PT left their network this year say-
> ing Regence hasn't increased their reimbursement in over a
> decade and they can't really afford to continue) might be inter-
> ested in helping this measure get on the ballot. The Whole
> Washington website also has a lot of information about how it
> would work and expectations around cost, coverage, and what-
> not.

AMENDED CLASS ACTION
COMPLAINT FOR
DECLARATORY AND
EQUITABLE RELIEF-14

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

60. The forwarded message was followed by the statement that "interested people can see where to sign here," and included a link to "Whole Washington," a coalition of healthcare professionals and volunteers from across Washington State. The forwarded message also included the statement: "People who want to collect signatures from people and friends can pick up supplies at any of the bin hosts on the map." (Exhibit 1 at 2.)

61. When he forwarded the email, Plaintiff Flaxman viewed it as discussing the following topics:

    a) The author's involvement with Whole Washington, a coalition of healthcare professionals and volunteers pushing for universal healthcare in Washington state.

    b) Public concerns about Regence's diminishing provider list, with an example of a physical therapist who opted out due to unchanged reimbursements.

    c) A suggestion that those concerned about healthcare in the State of Washington might be interested in supporting the Whole Washington campaign.

    d) The availability of detailed information on the Whole Washington website about the proposed healthcare system, including costs, coverage, and other related aspects.

    e) Details about how enthusiastic supporters can gather endorsements, pointing them to locations where they can obtain necessary materials to collect signatures.

62. When he forwarded the email to the "Faculty Issues and Concerns" mailing list, Plaintiff Flaxman intended to encourage a full discussion

AMENDED CLASS ACTION
COMPLAINT FOR
DECLARATORY AND
EQUITABLE RELIEF-15

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

of topics of interest to the community; Plaintiff Flaxman knew that nothing in the email referred to a campaign for election of a person to office or for the promotion of or opposition to a ballot proposition.

63.     The EEB notified Plaintiff Flaxman of the anonymous complaint and requested that he respond.

64.     Plaintiff Flaxman responded to the complaint, stating: "The complaint seems to be a form of swatting, that is, a prank complaint intended to harass and to misuse state resources to investigate imaginary wrongdoing. I urge the Board to more strictly apply WAC 292-100-030 and decline to investigate."

65.     Plaintiff Flaxman also advised the EEB as follows:

I read this email as identifying a matter of concern to the persons who subscribe to the list. My understanding is that expressing views about a matter of public concern implicates the First Amendment. I am not, of course, an attorney, but since grammar school, my understanding has been that the government cannot restrict speech about matters of public concern. I read the email as stating, in a neutral manner, information about how persons interested in helping to get a particular measure on the ballot might participate in that process. I did not read the message as advocating for or against any potential ballot measure.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-16 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

66.     Dr. Flaxman also pointed out that RCW 42.52.180 prohibits use of state resources "for the promotion of or opposition to a ballot proposition," and asserted that a "ballot proposition" is something that is on the ballot.

67.     Dr. Flaxman stated that "the email message is about getting a proposition on the ballot, without taking any position on whether any proposition that may in the future be placed on the ballot should be rejected or adopted."

68.     The EEB rejected Dr. Flaxman's request to dismiss the complaint and ignored his admission that he had forwarded the email described in the complaint.

69.     Rather than review the single email at issue in the complaint, which was readily available in the archives of the "Faculty Issues and Concerns" mailing list, the EEB gained access to all of Dr. Flaxman's emails for the three-month period surrounding the date when Dr. Flaxman sent the email specified in the complaint.

70.     After reviewing Dr. Flaxman's email messages, the EEB concluded that there was reasonable cause to believe that Dr. Flaxman had violated RCW 42.52 by forwarding the email; the EEB also concluded that the penalty for this transgression "may be more than $500."

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-17 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

71.     After Dr. Flaxman retained counsel, and counsel filed a motion before the assigned Administrative Law Judge, the EEB reconsidered Dr. Flaxman's request to dismiss the complaint and terminated the matter in favor of Dr. Flaxman on October 13, 2023.

**B.     Dr. Hagopian, Complaint 2022-047**

72.     On December 10, 2022, the EEB received an anonymous complaint alleging that Plaintiff Hagopian had "use[d] public resources for political campaigns." A copy of this anonymous complaint is attached to this complaint as Exhibit 2.

73.     The anonymous complaint quoted from an email that Plaintiff Hagopian had sent to the "Faculty Issues and Concerns" mailing list on December 10, 2022. (Exhibit 2 at 2.)

74.     Plaintiff Hagopian explained in that email that she was "passing along this message about the UC worker strike I received on a public health professional list server. I thought it would interest UW faculty on the AAUP list."

75.     The forwarded message states as follows:

I am a postdoc at UCSF writing with an urgent ask. As you may have heard, 48000 UC workers are on strike, including all UC grad student instructors, grad student researchers, postdocs, and academic researchers. Our strike is now reaching the

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-18 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

end of its 4th week, with graduate worker bargaining reaching a critical moment. Core demands include living wages that keep up with the skyrocketing cost of living, as well as basic supports for families and international scholars (paid parental leave, affordable childcare, paid leave to navigate burdensome visa bureaucracies, etc.).

Our strike is the largest among academic workers in US history. We are taking on the largest employer in the world's 4th largest economy, fighting for access to resources that are critical for population health and health equity. Our struggle is material and urgent: a shocking number of grad workers are sleeping in their cars because they literally cannot afford a place to live (increasing their future risk of chronic illness and premature mortality). I have met fellow grad workers on the picket lines who barely afford to eat. Meanwhile, many postdocs spend upwards of 50% of their pay on childcare; without partners, they would have been driven out of science. Whole doctoral programs are operating nearly devoid of new students (much less, students who are under-represented in our disciplines due to racism and/or family poverty), since few can imagine surviving here on what they pay us.

This is an important moment for the US labor movement and the future of public health research. Please make noise ASAP: on social media, within your professional circles, and to your elected officials (if you are in CA). Consider donating to our strike fund [link omitted]. Push your professional organizations to make public statements of support.

Sincerely,

Gabe

76.     When she forwarded the email, Plaintiff Hagopian viewed the

email as discussing the following topics:

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-19 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

a) A discussion of the University of California workers' strike. The author highlights that they are a postdoc at University of California at San Francisco and discusses the ongoing strike involving 48,000 University of California workers, which includes various academic professionals and has lasted for four weeks.

b) A summary of the demands of the strikers: better wages to cope with rising living costs and provisions for family and international scholar support, like paid parental leave, affordable childcare, and assistance for visa-related procedures.

c) The importance of the issue: The email described the strike as the largest of its kind and notes the global economic status of the employer (world's 4th largest economy) and the implications for public health and health equity.

d) The reasons for the strike, such as graduate student workers living in cars because of unaffordable of housing, the negative health outcomes caused by such conditions, graduate student workers struggling for basic necessities like food, post-doctoral students spending a significant portion of their salary on childcare, and doctoral programs lacking new and diverse enrollees.

e) An appeal to the public, urging people to raise awareness about the strike, especially on social media, in professional circles, and to elected officials in California. The email also encourages financial support for the cause and a push for professional bodies to express their public backing.

77.     The primary intent of the email that Plaintiff Hagopian forwarded to the "Faculty Issues and Concerns" mailing list was to encourage

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-20 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |
| --- | --- |

a full discussion of topics of interest to the community and was not to use state assets to benefit the University of California workers' strike.

78.     The EEB notified Plaintiff Hagopian of the anonymous complaint and requested that she respond.

79.     Plaintiff Hagopian responded as follows:

I hope you will agree this is a frivolous filing. I was passing along a report from my American Public Health Association list server to inform UW faculty on the issues involved in the University of California university labor strike. This sort of message sharing is standard on our list server, and is not to my knowledge a violation of any state regulation.

What are the next steps here to clear this up, and sanction the perpetrator of this ridiculous filing?

80.     The EEB rejected Plaintiff Hagopian's request to dismiss the complaint and ignored her admission that she had forwarded the email referred to in the complaint.

81.     Rather than review single email at issue in the complaint, which was readily available in the the archives of the "Faculty Issues and Concerns" mailing list, the EEB gained access to all of Plaintiff Hagopian's emails.

//

//

| | |
|---|---|
| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-21 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

82.     The EEB concluded that the email Plaintiff Hagopian had forwarded to the "Faculty Issues and Concerns" mailing list used state resources to solicit donations, in violation of RCW 42.52.160.

83.     The EEB also identified twenty-seven emails sent to Plaintiff Hagopian at her University of Washington email address that it considered to violate the "Ethics in Public Service" Statute. The EEB concluded that by receiving these emails, Plaintiff Hagopian had used her state email for her private benefit in violation of RCW 42.52.160.

84.     These emails included an electronic boarding pass and alerts about breaking news stories from the Seattle Times, the New York Times, and the New Yorker. Other emails that the EEB identified as involving the use of state email for private benefit were promotional offers sent by various internet vendors to Plaintiff Hagopian's University of Washington email address.

85.     The EEB then concluded that there was reasonable cause to believe that the appropriate sanction would be more than $500.

86.     Plaintiff Hagopian requested that the EEB reconsider its findings, complaining of the unfairness of sanctioning her for receiving email at

AMENDED CLASS ACTION
COMPLAINT FOR
DECLARATORY AND
EQUITABLE RELIEF-22

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

her University of Washington address. The Board responded that it does not have any procedure for reconsideration.

87.     Plaintiff Hagopian also complained that the EEB had investigated matters beyond the allegations of the anonymous complaint. The Board responded that, once it receives an anonymous complaint, it is empowered to search for any potential violation of the "Ethics in Public Service Act," even if not alleged in the complaint.

88.     The matter is now awaiting a public hearing before the EEB.

**C.      Dr. Flaxman, Complaint No. 2023-051**

89.     On June 6, 2023, the EEB received an anonymous complaint alleging that Plaintiff Flaxman had engaged in "[a]ctivities incompatible with public duties. Use of public resources for political campaigns." A copy of this anonymous complaint is attached to this complaint as Exhibit 3.

90.     The anonymous complaint quoted from an email that Plaintiff Flaxman had sent to the "Faculty Issues and Concerns" mailing list on June 5, 2023.

91.     Plaintiff Flaxman explained in that email that he was "passing on some information about the potential strike, from the Post Doc & RSE Bargaining Committees."

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-23 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

92.    The forwarded message states as follows:

Subject: Information about Potential Research Scientist and Postdoc Strike June 7th

As you are likely aware, Research Scientist/Engineers A-4 (RSEs) and Postdoctoral Scholars have each voted to strike starting June 7th if we have not reached agreement in collective bargaining. These were extremely difficult decisions, but followed several months of negotiations with the UW Administration in which both units experienced bad faith bargaining and filed Unfair Labor Practice charges. Additional bargaining dates are scheduled for June 6th and 13th for Postdocs and June 5th for RSEs, and we have communicated our availability every day and evening in the interest of reaching agreement.

We deeply appreciate the support we've received from our faculty colleagues! Here are several things you can do to support RSEs and Postdocs:

- Make a donation to our hardship fund; this will help the most financially vulnerable workers making the choice to strike

- Join us for a picket line shift

- Send an email to President Cauce and team; here is a template you can use.

- If you supervise postdocs, please sign on to this Dear Colleague Letter that 100+ faculty have already signed urging the President to agree to living wage standards

- Talk to your colleagues about what is going on and urge them to do the same

- Respond to request emails by asking admin to share details about what they are doing to avert a strike

We are happy to answer any questions you might still have about our positions after reading the summaries below the signatures.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-24 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

Please feel free to contact our bargaining committees at: [email addresses omitted] Also you can find links for all things related to our campaign for fair contracts here: [links omitted]

[signatures omitted]

93.     When he forwarded the email, Plaintiff Flaxman viewed it as discussing a pending strike of "Research Scientist/Engineers A-4 (RSEs) and Postdoctoral Scholars" at the University of Washington and providing ideas for anyone interested in supporting the pending strike.

94.     Nothing in the email that Plaintiff Flaxman forwarded to the "Faculty Issues and Concerns" mailing list could be viewed as "assisting a campaign for election of a person to an office or for the promotion of or opposition to a ballot proposition," as specified in RCW 42.52.180(1).

95.     Plaintiff Flaxman's intent when he forwarded the "Faculty Issues and Concerns" mailing list was to encourage a full discussion of topics of interest to the community; Plaintiff Flaxman did not intend to use state assets for anyone's financial benefit.

96.     Plaintiff Flaxman responded to EEB's request that he answer the complaint as follows:

The Executive Ethics Board is authorized to act on complaints submitted by "any person" or issued by the EEB itself. Your letter quotes from a webform submitted by an "anonymous" complaint. There is no reason to believe that this complaint

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-25 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |
|---|---|

was submitted by a person rather than by a "bot" that monitors email messages on the "Faculty Issues and Concerns" mailing list and automatically fills out the EEB's webform whenever it encounters particular emails. The EEB is not authorized to act on complaints submitted by a "bot" and should cease to act on complaints submitted by unidentified entities.

The complaint included with your letter refers to the "use of public resources of political campaigns" and quotes from an email that I sent to the "Faculty Issues and Concerns" mailing list hosted by the University of Washington.

As you know, the "Faculty Issues and Concerns" mailing list is a public forum; the email that I sent to that mailing list involves matters of public concern, which are of especial concern to the persons who have chosen to subscribe to the mailing list. Nothing in the email refers to "assisting a campaign for election of a person to an office or for the promotion of or opposition to a ballot proposition." RCW 42.52.180(1).

It is obvious that the person (or bot) that submitted the anonymous complaint seeks to suppress email messages on the "Faculty Issues and Concerns" mailing list based on their content. The EEB should not be party to such a violation of rights secured by the First Amendment and should promptly dismiss the complaint.

I am aware that in previous investigations, the EEB has asserted its right to search through all of my email hosted on the University of Washington System. Such a search will include electronic mail from students that contains matters protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g). The Board should not violate federal law and jeopardize the University's federal funding.

//

//

| | |
|---|---|
| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-26 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

97.     The complaint, as of the filing of this complaint, remains pending before the EEB.

## VIII.     Class Allegations

98.     Plaintiffs bring this case individually and, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, for persons presently subscribed to the "Faculty Issues and Concerns" mailing list.

99.     The proposed class consists of 2,185 persons.

100.     There are common questions of fact and law as to whether the above-described policies and practices of the Executive Ethics Board deprive the subscribers of the "Faculty Issues and Concerns" mailing list of rights secured by the First Amendment. Among those common questions are:

  a) Does the rule of the EEB permitting anonymous complaints chill the exercise of First Amendment rights?

  b) Does the practice of the EEB to rummage through email to hunt for potential violations of RCW 42.52 encroach on academic freedom in violation of the First Amendment?

  c) Does the practice of the EEB to impose significant monetary penalties for the use of state resources for private benefit deprive subscribers to the "Faculty Issues and Concerns" mailing list of First

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-27 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |
| --- | --- |

Amendment rights when any potential use of state resources is financially inconsequential?

d) Does the practice of the EEB to impose significant monetary penalties for forwarding an email to the "Faculty Issues and Concerns" mailing list when the forwarded email contains an inconsequential solicitation for contributions deprive plaintiffs of First Amendment rights?

e) Does the practice of the EEB to impose significant monetary penalties for using state resources for political purposes in the absence of an election or an actual public referendum deprive plaintiffs of First Amendment rights?

f) Does the setting by the EEB of penalties that far exceed any loss and are intended to punish chill the exercise of First Amendment rights?

101.   The claims of the named plaintiffs are typical of those asserted for the class and the named plaintiffs will adequately represent the proposed class.

102.   Plaintiffs seek class-wide injunctive and declaratory relief and certification is therefore appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

WHEREFORE plaintiffs request that the Court order that this case may proceed as a class action, grant appropriate injunctive and declaratory relief to prevent the EEB from applying policies that have the effect of restricting the content of statements that may be shared on the "Faculty

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-28 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

Issues and Concerns" mailing list, and award costs, including attorneys' fees, to plaintiffs.

/s/   Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

Kenneth N. Flaxman
knf@kenlaw.com
Joel A. Flaxman
jaf@kenlaw.com
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
(admitted pro hac vice)

*attorneys for plaintiff*

.

| AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-29 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |