UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM FLAXMAN et al, | CASE NO. C23-1581 |
| Plaintiff(s), | ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO EXTEND DISCOVERY DEADLINES |
| v. | |
| BOB FERGUSON et al, | |
| Defendant(s). | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 12), and Defendants' motion for extension of certain deadlines (Dkt. No. 13).  The Court, having reviewed the pleadings and the balance of the docket, denies as moot Defendants' motion to dismiss (Dkt. No. 12) and grants Defendants' motion for extension of deadlines (Dkt. No. 13).

## I. FIRST MOTION TO DISMISS

Plaintiffs filed this action on October 16, 2023.  Dkt. No. 1.  Defendants filed the subject motion to dismiss on November 9, 2023.  Dkt. No. 12.  Plaintiffs subsequently filed an amended complaint on November 27, 2023.  Dkt. No. 15.  Plaintiffs briefly responded to the motion to dismiss, arguing it is moot due to Plaintiffs' filing of an amended complaint.  Dkt. No. 17.  Defendants subsequently filed a motion to dismiss the amended complaint, which is noted for January 5, 2024.  Dkt. No. 19.

Because an amended complaint and a motion to dismiss the amended complaint have been filed, the Court finds Defendants' first motion to dismiss (Dkt. No. 12) is moot and denies it on that basis.

## II.     MOTION TO EXTEND DEADLINES

The Court entered an order setting early case deadlines as to *inter alia* a Federal Rule of Civil Procedure 26(f) conference, initial disclosures, and a discovery plan.  Dkt. No. 11. Defendants request an extension of the discovery-related deadlines because the pending motion to dismiss[1] raises issues of ripeness and abstention.  Dkt. No. 13 at 2.  According to Defendants, they should not be subject to discovery until the Court has ruled on these potentially dispositive issues. *Id.*  Plaintiffs argue the Court should deny Defendants' motion and expedite discovery because they allege unconstitutional suppression of protected speech.  Dkt. No. 16 at 2.

"A court may relieve a party of the burdens of discovery while a dispositive motion is pending."  *Williams v. Washington*, No. 2:23-CV-914-TL-DWC, 2023 WL 5579589, at *1 (W.D. Wash. Aug. 29, 2023).  "Where discovery will not affect the 12(b) decision, staying discovery ensures the defendant's motion is properly addressed and advances 'the goals of efficiency for the court and litigants.'"  *Id.* (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

Here, the pending motion to dismiss (Dkt. No. 19), if granted, could result in dismissal of all claims against Defendants.  In addition, discovery is irrelevant to Defendants' Federal Rule of Civil Procedure 12(b)(1) argument, because that challenge concerns subject-matter jurisdiction. Nor is discovery required to counter Defendants' challenge under Federal Rule of Procedure 12(b)(6), because the Court will assume all facts alleged by Plaintiffs in their amended complaint

---

[1] The complaint and motion to dismiss that were operative at the time this motion (Dkt. No. 13) was filed have been superseded by subsequent filings.  *Supra*.  However, because the same legal questions are still at issue, and because Plaintiffs responded to the motion after filing their amended complaint, the Court analyzes this motion as if it referenced the amended complaint (Dkt. No. 15) and currently pending motion to dismiss (Dkt. No. 19).

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO EXTEND DISCOVERY DEADLINES - 2

are true and evaluate the legal sufficiency of Plaintiffs' claims.  *See*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009*)*.

Because the pending motion to dismiss could result in dismissal of all claims against Defendants, and because the motion can be decided without discovery, the Court finds a stay of discovery is appropriate.

### III.   CONCLUSION

For these reasons, Defendants' motion to dismiss (Dkt. No. 12) is DENIED as moot.  Defendants' motion to extend deadlines (Dkt. No. 13) is GRANTED.  All discovery is STAYED until resolution of Defendants' motion to dismiss (Dkt. No. 19).

Dated this 12th day of December, 2023.

_____
Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO EXTEND DISCOVERY DEADLINES - 3