1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8
9

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

10

| | | |
|---|---|---|
| Abraham Flaxman and Amy Hagopian, individually and for a proposed class, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | |
| *-vs-* | ) ) | Case No. 2:23-cv-01581-KKE |
| Nicholas W. Brown, in his official capacity as the Attorney General of the State of Washington, and Kate Reynolds, in her official capacity as Executive Director of the Executive Ethics Board of the State of Washington | ) ) ) ) ) ) ) ) | **Second Amended Class Action Complaint for Declaratory and Equitable Relief** |
| *Defendants.* | ) | |

11
12
13
14
15
16
17
18
19

Plaintiffs, by counsel, allege as follows:

20

## I.    Preliminary Statement

21
22

Plaintiffs are the co-moderators of the "Faculty Issues and Concerns" in-

23

ternet mailing list hosted by the University of Washington. The mailing list is a

24
25

public forum that facilitates the exchange of ideas on matters of general higher

26

| |
|---|
| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-1 |

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

education concern to faculty members. The "Executive Ethics Board" (EEB), an agency of the State of Washington, has adopted a variety of policies that, as applied by the Board, restrict the content of statements that may be shared on the "Faculty Issues and Concerns" mailing list. Plaintiffs have been retaliated against for their protected speech in moderating the mailing list. Plaintiffs challenge in this action specific speech-restricting policies and practices that have chilled their speech and invaded rights secured by the First, Fourth, and Eighth Amendments.

## II.    Parties

1.    Plaintiff Abraham Flaxman is a Professor of Health Metrics Sciences and Global Health at the University of Washington School of Medicine. He is currently leading the development of a simulation platform to derive "what-if" results from Global Burden of Disease estimates and is engaged in methodological and operational research on verbal autopsy.

2.    Plaintiff Amy Hagopian is a Professor Emeritus in the School of Public Health at the University of Washington, and serves as elected secretary to the UW's chapter of the American Association of University Professors ("AAUP"). As an emeritus faculty member of the University of Washington, plaintiff Hagopian is subject to the Ethics in Public Service statute.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-2

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

3.     Flaxman and Hagopian serve as volunteer co-moderators of the "Faculty Issues and Concerns" internet mailing, which is sponsored by the AAUP and is distributed on a server maintained by the University of Washington.

4.     Defendant Nicholas W. Brown is the Attorney General of the State of Washington and is sued in his official capacity only as the appropriate state officer to defend the actions and policies of the Executive Ethics Board of the State of Washington ("EEB").

5.     Defendant Kate Reynolds is sued in her official capacity as Executive Director of the EEB to defend the actions and policies of the Board.

## III.    Jurisdiction and Venue

6.     Plaintiffs, individually and for a putative class, bring this action under 42 U.S.C. § 1983 to assert claims arising under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. Plaintiffs invoke the jurisdiction of the Court pursuant to 28 U.S.C § 1343 and 28 U.S.C. § 1367.

7.     Plaintiff Hagopian brings a supplemental state law claim arising under the administrative review statute of the State of Washington, WASH. REV. CODE 34.05.570. The Court has jurisdiction over this claim pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165-66 (1997).

| | |
|---|---|
| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-3 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

8.     The events giving rise to this action occurred in the Western District of Washington.

## IV.     Factual Background: The Internet Mailing List

9.     For about thirty years, the University of Washington has hosted an electronic mailing list known as the "Faculty Issues and Concerns" mailing list.

10.     The "Faculty Issues and Concerns" mailing list is a "discussion list" that serves as a public forum for faculty conversations about matters of general higher education concern.

11.     The mailing list is open to full discussion of challenging and important topics of interest to the community of scholars at the University of Washington, even when postings contradict the positions or values of others on the list.

12.     The "Faculty Issues and Concerns" mailing list is a "moderated list" which means that each posting must be approved by a "moderator" before it can be electronically transmitted by email to persons who have subscribed to the list.

13.     Plaintiffs serve as the two primary moderators of the mailing list and have volunteered their services without compensation or promise of compensation.

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DECLARATORY AND
EQUITABLE RELIEF-4

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

14.     Plaintiffs foster the mailing list as a public forum, guarding against personal attacks or rude remarks (also known as "trolling") and minimizing back and forth exchanges.

15.     As moderators of the mailing list, plaintiffs seek to maintain an open and effective public forum that encourages an active discussion of higher education issues and faculty rights.

16.     Plaintiffs do not censor or edit postings to the list because of content or subject matter and seek to balance open discussion with the knowledge that the subscribers to the list do not want their inboxes overwhelmed with messages or personal attacks.

17.     At the time of the filing of this second amended complaint, 2309 persons, including plaintiffs, subscribe to the "Faculty Issues and Concerns" mailing list.

18.     Plaintiffs have at all times sought to comply with WASH. REV. CODE 42.52, the "Ethics in Public Service" statute described below, and have not knowingly approved any posting to the list that they perceived as violating the "Ethics in Public Service" statute.

19.     Plaintiffs have not knowingly approved any posting to the list that they perceived as engaging in partisan electoral politics. Nor have plaintiffs

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-5 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
| --- | --- |

approved any posting to the list that they perceived as an attempt to use the list for private gain.

20.    The cost to the University of Washington to send a message to each member of the "Faculty Issues and Concerns" mailing list does not involve any actual, measurable expenditure of public funds.

## V.    WASH. REV. CODE 42.52:
## The "Ethics in Public Service" Statute

21.    The "Ethics in Public Service" statute, WASH. REV. CODE 42.52, prohibits the use of state resources for "private gain," WASH. REV. CODE 42.52.160, and for political campaigns, WASH. REV. CODE 42.52.180.

22.    The statute applies, *inter alia*, to "higher education faculty and research employees," WASH. REV. CODE 42.52.360(2), and requires in Section (2)(c) that the "administrative process shall include reasonable determinations by the institution of higher education of:

    i.    Acceptable private uses having de minimis costs to the institution of higher education and a method for establishing fair and reasonable reimbursement charges for private uses the costs of which are in excess of de minimis; and

    ii.    Acceptable private uses having more than de minimis costs to the institution of higher education, but which are performed as part of the faculty or research employee's duties or job requirements.

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

23.    The statute is enforced by the "Executive Ethics Board" ("EEB"). WASH. REV. CODE 42.52.360(1).

24.    Washington law vests the EEB with the power to investigate, prosecute, and adjudicate complaints and to promulgate rules for those tasks. WASH. REV. CODE 42.52.360(1).

25.    Washington law does not permit the EEB to hear and decide issues arising under the Constitution of the United States.

26.    The EEB has adopted a set of rules that, under WASH. REV. CODE 34.05, have the force of law. These rules appear at WASH. ADMIN. CODE 292-100 (procedural rules), WASH. ADMIN. CODE 292-110 (substantive rules), and WASH. ADMIN. CODE 292-120 (penalty rules).

## A.  Initiating a Proceeding with the EEB

27.    A complaint may be initiated before the EEB by the filing of a complaint signed by the complainant "personally or by his or her attorney." WASH. REV. CODE 42.52.410(1).

28.    The EEB has adopted and enforces a rule purporting to authorize the submission of anonymous complaints. WASH. ADMIN. CODE 292-100-030(1).

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-7 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

## B. Use of State Resources for Private gain

29.    The statute defines the use of state resources for private gain as the use of state resources "for the private benefit or gain of the officer, employee, or another." WASH. REV. CODE 42.52.160.

30.    The statute exempts the use of state resources "of *de minimis* cost and value." WASH. REV. CODE 42.52.160(4).

31.    The EEB has adopted a regulation, WASH. ADMIN. CODE 292-110-010(3)(a), defining "*de minimis* use and value" as follows:

    i.    There is little or no cost to the state;

    ii.    Any use is brief;

    iii.    Any use occurs infrequently;

    iv.    The use does not interfere with the performance of any state officer's or employee's official duties;

    v.    The use does not compromise the security or integrity of state property, information systems, or software;

    vi.    The use is not for the purpose of conducting an outside business, in furtherance of private employment, or to realize a private financial gain; and

    vii.    The use is not for supporting, promoting the interests of, or soliciting for an outside organization or group.

SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-8

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

## C. The EEB's Claimed Authority to Conduct Warrantless Inspection of Faculty Email

32.     A long-standing practice of the EEB in investigating a complaint is to search for any potential violations of the ethics statute in addition to those specified in the complaint.

33.     The official policy of the EEB is that once it receives an anonymous complaint of a violation of the "Ethics in Public Service Act" concerning posting on the "Faculty Issues and Concerns" mailing list, it has the authority to conduct a warrantless search of all email messages on this list.

34.     When a complaint involves email sent to the "Faculty Issues and Concerns" mailing list, the EEB will review each email sent or received by the subject of a complaint without regard to whether the email was to or from the "Faculty Issues and Concerns" mailing list.

35.     The EEB does not have a legitimate basis to conduct such an expansive search when the complaint implicates a single email that can readily be obtained from the archives of the "Faculty Issues and Concerns" mailing list.

36.     The EEB has sought to defend this practice by declaring that there is no expectation of privacy in electronic mail sent to or from members of the faculty of state universities. WAC 292-110-010(4).

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-9 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

37.     The EEB bases this claimed authority on a regulation it adopted that purports to declare that email records are public records. WASH. ADMIN. CODE § 292-110-010(4).

38.     This regulation is invalid under state law because the EEB lacks the power to construe the public records act or to conduct warrantless search of email.

39.     Plaintiffs, like other faculty members, also use email to communicate about personnel matters, such as employee evaluations and hiring and promotion decisions. The EEB's unfettered examination of faculty email infringes on plaintiffs' right to privacy in these communications.

40.     The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g), protects from disclosure communications between faculty and students about education records. Plaintiffs' email, as well as email of other faculty members, includes messages from students about matters protected from disclosure by FERPA. The EEB's unfettered examination of faculty email thus interferes with privacy rights established by FERPA.

41.     This overbroad email search chills academic discussions on the "Faculty Issues and Concerns" mailing list and thereby deprives plaintiffs and other subscribers of the mailing list of First Amendment rights.

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-10 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

42.     In addition, the regulation is invalid under the First Amendment to the Constitution of the United States because the First Amendment demands that any request to inspect faculty email be resolved by balancing the privacy aspects of faculty email with the need to inspect.

43.     The regulation is also invalid under the Fourth Amendment because email held on a mail server owned by a state university is a bailment of "papers and effects" in which the owner retains a vital and protected legal interest.

### D.  Penalties

44.     Washington law provides that a violation of the "Ethics in Public Service" statute "is grounds for disciplinary action." WASH. ADMIN. CODE 42.52.520. A different portion of the statute authorizes the EEB to "impose sanctions including reprimands and monetary penalties. WASH. ADMIN. CODE 42.52.360(2)(e).

45.     WASH. ADMIN. CODE 42.52.360(c) establishes guidelines for sanctions that the Board may impose for a violation of Wash. Rev. Code 42.52.160 ("private gain") on a university employee, mandating that

> (c)  [T]he administrative process shall include reasonable determinations by the institution of higher education of:
>
> (1)  Acceptable private uses having more than de minimis costs to the institution of higher education and a method of establishing fair and reasonable reimbursement charges for private uses the cost of which

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-11 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

1    are in excess of de minimis.

2    46.    The EEB has not adopted a rule to implement the statutory com-

3    mand for a "reasonable determinations by the institution of higher education" set

4
     out in Code 42.52.360(c).
5

6    47.    The EEB has adopted a rule purporting to authorize it to impose

7    monetary sanctions of "up to five thousand dollars per violation or three times the

8
     economic value of anything sought or received ... whichever is greater." WASH.
9

10   ADMIN. CODE § 292-120-020(3).

11
         **VI.    Application of the "Ethics in Public Service"**
12              **Statute to Plaintiffs**

13   48.    The policies of the EEB described above have been applied to plain-

14
     tiffs, have invaded rights protected by the Fourth Amendment, and chilled their
15

16   speech.

17
         **A.    Dr. Flaxman, Complaint 2022-046**
18   49.    On December 8, 2022, the EEB received an anonymous complaint al-

19
     leging that Plaintiff Flaxman had "use[d] public resources for political campaigns."
20

21   50.    The anonymous complaint quoted an email that Plaintiff Flaxman

22   had sent to the "Faculty Issues and Concerns" mailing list on November 29, 2022.

23
     51.    The forwarded message states as follows:
24

25   I am volunteering with Whole Washington, a campaign to bring uni-
     versal healthcare to Washington state. It seems like many people on

26   | SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-12 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

the list expressing concern about Regence's ever shrinking provider list (my PT left their network this year saying Regence hasn't increased their reimbursement in over a decade and they can't really afford to continue) might be interested in helping this measure get on the ballot. The Whole Washington website also has a lot of information about how it would work and expectations around cost, coverage, and whatnot.

52.    The forwarded message was followed by the statement that "interested people can see where to sign here," and included a link to "Whole Washington," a coalition of healthcare professionals and volunteers from across Washington State. The forwarded message also included the statement: "People who want to collect signatures from people and friends can pick up supplies at any of the bin hosts on the map."

53.    When he forwarded the email, Plaintiff Flaxman viewed it as discussing the following topics:

a)  The author's involvement with Whole Washington, a coalition of healthcare professionals and volunteers pushing for universal healthcare in Washington state.

b)  Public concerns about Regence's diminishing provider list, with an example of a physical therapist who opted out due to unchanged reimbursements.

c)  A suggestion that those concerned about healthcare in the State of Washington might be interested in supporting the Whole Washington campaign.

d)  The availability of detailed information on the Whole Washington website about the proposed healthcare system, including costs, coverage, and other related aspects.

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-13 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

1

2

   e) Details about how enthusiastic supporters can gather endorsements, pointing them to locations where they can obtain necessary materials to collect signatures.

3  54. When he forwarded the email to the "Faculty Issues and Concerns"

4

5

mailing list, Plaintiff Flaxman intended to encourage a full discussion of topics of

interest to the community; Plaintiff Flaxman knew that nothing in the email re

6

7

ferred to a campaign for election of a person to office or for the promotion of or

8

9

opposition to a ballot proposition.

10  55. The EEB notified Plaintiff Flaxman of the anonymous complaint and

11

requested that he respond.

12

13  56. Plaintiff Flaxman responded to the complaint, stating: "The com

14

plaint seems to be a form of swatting, that is, a prank complaint intended to harass

15

and to misuse state resources to investigate imaginary wrongdoing. I urge the

16

17

Board to more strictly apply WAC 292-100-030 and decline to investigate."

18  57. Plaintiff Flaxman also advised the EEB as follows:

19

20

21

22

23

24

> I read this email as identifying a matter of concern to the persons who subscribe to the list. My understanding is that expressing views about a matter of public concern implicates the First Amendment. I am not, of course, an attorney, but since grammar school, my understanding has been that the government cannot restrict speech about matters of public concern. I read the email as stating, in a neutral manner, information about how persons interested in helping to get a particular measure on the ballot might participate in that process. I did not read the message as advocating for or against any potential ballot measure.

25

26

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-14 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
| --- | --- |

58.     Dr. Flaxman also pointed out that WASH. REV. CODE 42.52.180 prohibits use of state resources "for the promotion of or opposition to a ballot proposition," and asserted that a "ballot proposition" is something that is on the ballot.

59.     Dr. Flaxman stated that "the email message is about getting a proposition on the ballot, without taking any position on whether any proposition that may in the future be placed on the ballot should be rejected or adopted."

60.     The EEB rejected Dr. Flaxman's request to dismiss the complaint and ignored his admission that he had forwarded the email described in the complaint.

61.     Rather than review the archives of the "Faculty Issues and Concerns" mailing list, the EEB gained access to all of Dr. Flaxman's emails for the three-month period surrounding the email specified in the complaint.

62.     After reviewing Dr. Flaxman's email, the EEB concluded that there was reasonable cause to believe that Dr. Flaxman had violated WASH. REV. CODE 42.52 by forwarding the email; the EEB also concluded that the penalty for this transgression "may be more than $500."

63.     After Dr. Flaxman retained counsel, and counsel filed a motion before the assigned Administrative Law Judge, the EEB reconsidered Dr.

| | |
|---|---|
| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-15 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

Flaxman's request to dismiss the complaint and terminated the matter in favor of Dr. Flaxman on October 13, 2023.

### B. Dr. Hagopian, Complaint 2022-047

64.    On December 10, 2022, the EEB received an anonymous complaint alleging that Plaintiff Hagopian had "use[d] public resources for political campaigns."

65.    The anonymous complaint quoted from an email that Plaintiff Hagopian had sent to the "Faculty Issues and Concerns" mailing list on December 10, 2022.

66.    Plaintiff Hagopian wrote that email to pass a "message about the UC worker strike I received on a public health professional list server. I thought it would interest UW faculty on the AAUP list."

67.    The message plaintiff forwarded to the mailing list states as follows:

I am a postdoc at UCSF writing with an urgent ask. As you may have heard, 48000 UC workers are on strike, including all UC grad student instructors, grad student researchers, postdocs, and academic researchers. Our strike is now reaching the end of its 4th week, with graduate worker bargaining reaching a critical moment. Core demands include living wages that keep up with the skyrocketing cost of living, as well as basic supports for families and international scholars (paid parental leave, affordable childcare, paid leave to navigate burdensome visa bureaucracies, etc.).

Our strike is the largest among academic workers in US history. We are taking on the largest employer in the world's 4th largest economy, fighting for access to resources that are critical for population

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-16 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

health and health equity. Our struggle is material and urgent: a shocking number of grad workers are sleeping in their cars because they literally cannot afford a place to live (increasing their future risk of chronic illness and premature mortality). I have met fellow grad workers on the picket lines who barely afford to eat. Meanwhile, many postdocs spend upwards of 50% of their pay on childcare; without partners, they would have been driven out of science. Whole doctoral programs are operating nearly devoid of new students (much less, students who are under-represented in our disciplines due to racism and/or family poverty), since few can imagine surviving here on what they pay us.

This is an important moment for the US labor movement and the future of public health research. Please make noise ASAP: on social media, within your professional circles, and to your elected officials (if you are in CA). Consider donating to our strike fund [link omitted]. Push your professional organizations to make public statements of support.

68.    When she forwarded the email, Plaintiff Hagopian viewed the email as discussing the following topics:

    a)  A discussion of the University of California workers' strike. The author highlights that they are a postdoc at University of California at San Francisco and discusses the ongoing strike involving 48,000 University of California workers, which includes various academic professionals and has lasted for four weeks.

    b)  A summary of the demands of the strikers: better wages to cope with rising living costs and provisions for family and international scholar support, like paid parental leave, affordable childcare, and assistance for visa-related procedures.

    c)  The importance of the issue: The email described the strike as the largest of its kind and notes the global economic status of the employer (world's 4th largest

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DECLARATORY
AND EQUITABLE RELIEF-17

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

economy) and the implications for public health and health equity.

    d)  The reasons for the strike, such as graduate student workers living in cars because of unaffordable housing, the negative health outcomes caused by such conditions, graduate student workers struggling for basic necessities like food, post-doctoral students spending a significant portion of their salary on childcare, and doctoral programs lacking new and diverse enrollees.

    e)  An appeal to the public, urging people to raise awareness about the strike, especially on social media, in professional circles, and to elected officials in California. The email also encourages financial support for the cause and a push for professional bodies to express their public backing.

69.    Plaintiff's intent in forwarding the email to the "Faculty Issues and Concerns" mailing list was to encourage a full discussion of matters of public concern.

70.    The EEB provided Plaintiff with a copy of the anonymous complaint on February 21, 2023 and requested that she respond.

71.    Plaintiff Hagopian responded as follows:

I hope you will agree this is a frivolous filing. I was passing along a report from my American Public Health Association list server to inform UW faculty on the issues involved in the University of California university labor strike. This sort of message sharing is standard on our list server, and is not to my knowledge a violation of any state regulation.

What are the next steps here to clear this up, and sanction the perpetrator of this ridiculous filing?

72.    Washington law prevented the EEB from considering whether the email that plaintiff Hagopian had forwarded was speech protected by the First

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-18 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
| --- | --- |

Amendment and, if so, whether there was a compelling state interest to prohibit such speech on the University email system.

73.    In the course of investigating the anonymous complaint, the EEB searched 2,964 email messages plaintiff Hagopian had received at her University of Washington email address between June 20, 2022 and November 29, 2022.

74.    The EEB identified 159 emails that it concluded showed plaintiff's use of state resources for her private benefit. The EEB found 116 emails in plaintiff's "Junk Email" folder, 31 in her "Purges" folder, and 4 in the "Deleted Items" folder. The EEB found eight items (or less than 3% of the emails it examined) in plaintiff's "Inbox." The EEB viewed this minuscule number of emails as the unlawful use of state resources.

75.    Plaintiff Hagopian retained a vital and protected interest in the privacy of her email and had a right, secured by the Fourth Amendment to the Constitution of the United States, to privacy in her email.

76.    On October 28, 2024, the EEB found that plaintiff Hagopian had violated the "Ethics in Public Service" statute, WASH. REV. CODE 42.52, and imposed a monetary penalty of seven hundred and fifty dollars. Thereafter, the EEB denied on November 15, 2024 plaintiff's timely motion to reconsider.

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-19 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

77.     The EEB concluded that the email which Plaintiff Hagopian had for-warded to the "Faculty Issues and Concerns" mailing list used state resources to solicit donations, in violation of WASH. REV. CODE 42.52.160.

78.     The EEB also identified twenty-seven emails sent to Plaintiff Hagopian at her University of Washington email address. The EEB concluded that by receiving these emails, Plaintiff Hagopian had used her state email for her private benefit in violation of WASH. REV. CODE 42.52.160.

79.     These emails included an electronic boarding pass and alerts about breaking news stories from the Seattle Times, the New York Times, and the New Yorker. Other emails that the EEB identified as involving the use of state email for private benefit were promotional offers sent by various internet vendors to Plaintiff Hagopian's University of Washington email address.

80.     The EEB then concluded that there was reasonable cause to believe that the appropriate sanction would be more than $500.

81.     Plaintiff Hagopian requested that the EEB reconsider its findings, complaining of the unfairness of sanctioning her for receiving email at her Univer-sity of Washington address. The Board responded that it does not have any proce-dure for reconsideration.

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-20 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

82.     Plaintiff Hagopian also complained that the EEB had investigated matters beyond the allegations of the anonymous complaint. The Board responded that, once it receives an anonymous complaint, it is empowered to search for any potential violation of the "Ethics in Public Service Act," even if not alleged in the complaint.

83.     Plaintiff Hagopian timely filed her request for administrative review of the EEB order as a supplemental state claim in case number 2:24-cv-02057-KKE, now consolidated in this action.

### C.  Dr. Flaxman, Complaint No. 2023-051

84.     On June 6, 2023, the EEB received an anonymous complaint alleging that Plaintiff Flaxman had engaged in "[a]ctivities incompatible with public duties. Use of public resources for political campaigns."

85.     The anonymous complaint quoted from an email that Plaintiff Flaxman had sent to the "Faculty Issues and Concerns" mailing list on June 5, 2023.

86.     Plaintiff Flaxman explained in that email that he was "passing on some information about the potential strike, from the Post Doc & RSE Bargaining Committees."

87.     The forwarded message states as follows:

Subject: Information about Potential Research Scientist and Post-doc Strike June 7th

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-21 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

As you are likely aware, Research Scientist/Engineers A-4 (RSEs) and Postdoctoral Scholars have each voted to strike starting June 7th if we have not reached agreement in collective bargaining. These were extremely difficult decisions, but followed several months of negotiations with the UW Administration in which both units experienced bad faith bargaining and filed Unfair Labor Practice charges. Additional bargaining dates are scheduled for June 6th and 13th for Postdocs and June 5th for RSEs, and we have communicated our availability every day and evening in the interest of reaching agreement.

We deeply appreciate the support we've received from our faculty colleagues! Here are several things you can do to support RSEs and Postdocs:

- Make a donation to our hardship fund; this will help the most financially vulnerable workers making the choice to strike

- Join us for a picket line shift

- Send an email to President Cauce and team; here is a template you can use.

- If you supervise postdocs, please sign on to this Dear Colleague Letter that 100+ faculty have already signed urging the President to agree to living wage standards

- Talk to your colleagues about what is going on and urge them to do the same

- Respond to request emails by asking admin to share details about what they are doing to avert a strike

We are happy to answer any questions you might still have about our positions after reading the summaries below the signatures.

Please feel free to contact our bargaining committees at: [email addresses omitted] Also you can find links for all things related to our campaign for fair contracts here: [links omitted]

[signatures omitted]

88.    When he forwarded the email, Plaintiff Flaxman viewed it as discussing a pending strike of "Research Scientist/Engineers A-4 (RSEs) and

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-22 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

Postdoctoral Scholars" at the University of Washington and providing ideas for anyone interested in supporting the pending strike.

89.    Nothing in the email that Plaintiff Flaxman forwarded to the "Faculty Issues and Concerns" mailing list could be viewed as "assisting a campaign for election of a person to an office or for the promotion of or opposition to a ballot proposition," as specified in WASH. REV. CODE 42.52.180(1).

90.    Plaintiff Flaxman's intent when he forwarded the email to the "Faculty Issues and Concerns" mailing list was to encourage a full discussion of topics of interest to the community; Plaintiff Flaxman did not intend to use state assets for anyone's financial benefit.

91.    Plaintiff Flaxman responded to EEB's request that he answer the complaint as follows:

> The Executive Ethics Board is authorized to act on complaints submitted by "any person" or issued by the EEB itself. Your letter quotes from a webform submitted by an "anonymous" complainant. There is no reason to believe that this complaint was submitted by a person rather than by a "bot" that monitors email messages on the "Faculty Issues and Concerns" mailing list and automatically fills out the EEB's webform whenever it encounters particular emails. The EEB is not authorized to act on complaints submitted by a "bot" and should cease to act on complaints submitted by unidentified entities.

> The complaint included with your letter refers to the "use of public resources of political campaigns" and quotes from an email that I sent to the "Faculty Issues and Concerns" mailing list hosted by the University of Washington.

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-23 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
| --- | --- |

As you know, the "Faculty Issues and Concerns" mailing list is a public forum; the email that I sent to that mailing list involves matters of public concern, which are of especial concern to the persons who have chosen to subscribe to the mailing list. Nothing in the email refers to "assisting a campaign for election of a person to an office or for the promotion of or opposition to a ballot proposition." RCW 42.52.180(1).

It is obvious that the person (or bot) that submitted the anonymous complaint seeks to suppress email messages on the "Faculty Issues and Concerns" mailing list based on their content. The EEB should not be party to such a violation of rights secured by the First Amendment and should promptly dismiss the complaint.

I am aware that in previous investigations, the EEB has asserted its right to search through all of my email hosted on the University of Washington System. Such a search will include electronic mail from students that contains matters protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g). The Board should not violate federal law and jeopardize the University's federal funding.

92.    On May 10, 2024, the EEB concluded that "[a]ny violation that may have occurred does not constitute a material violation because it was inadvertent and minor, or has been cured, and, after consideration of all of the circumstances, further proceedings would not serve the purpose of this chapter."

## VII.    Statutory and Constitutional Claims

### A.    The zero tolerance policy violates the First Amendment

93.    Members of the "Faculty Issues and Concerns" mailing list on occasions forward to the list materials that have appeared on other mailing lists that touch on matters of general higher education concern to faculty members. These

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-24 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |
|---|---|

forwarded emails may include a request to contribute funds to a particular cause. Subscribers to the "Faculty Issues and Concerns" mailing list would not find, taking the forwarded email as a whole, that it was a request for funds.

94.    The policy of the EEB is that any email on the "Faculty Issues and Concerns" mailing that includes an incidental request for contributions to a particular cause is the use of state resources for private gain that violates WASH. REV. CODE 42.52.160.

95.    The EEB has applied this policy to plaintiffs, as set out with greater specificity below.

96.    The refusal of the EEB to consider the email as a whole in determining whether there has been an unlawful use of state resources for private gain chills the exercise of First Amendment Rights by participants in the "Faculty Issues and Concerns" mailing list.

### B.  The excessive penalties imposed by the EEB

97.    The EEB lacks the power to impose a monetary sanction on an employee of the University of Washington under WASH. REV. CODE 42.52.520, which limits permissible sanctions to "disciplinary action."

98.    The EEB has established a rule authorizing it to impose monetary sanctions of "up to five thousand dollars per violation or three times the economic

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DECLARATORY
AND EQUITABLE RELIEF-25

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

value of anything sought or received … whichever is greater." WAC 292-120-020(3).

99.    The EEB's practice in setting penalties for conduct that resulted in a de minimis expense to the state contravenes the "excessive fines" clause of the Eighth Amendment and chills academic discussions on the "Faculty Issues and Concerns" mailing list.

100.    The EEB applied these practices to plaintiff Hagopian and has threatened to apply that policy to plaintiff Flaxman, thereby chilling his speech.

### C. The inability of the EEB to consider First Amendment defenses renders the statute unconstitutional

101.    The laws of the State of Washington do not permit the EEB to consider constitutional defenses in imposing sanctions.

102.    Under Washington law, constitutional objections to a decision of the EEB imposing monetary sanctions can only be raised on administrative review of a final decision by the EEB pursuant to WASH. REV. CODE 34.05.570.

103.    This provision of Washington law renders unconstitutional the statute creating the EEB when there is a meritorious First Amendment defense to the alleged violation of the Ethics in Public Service statute.

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DECLARATORY
AND EQUITABLE RELIEF-26

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

104.    Plaintiff Hagopian has been chilled in the exercise of rights secured by the First Amendment by waiting from February 21, 2023 (when the EEB asked plaintiff to respond to the anonymous complaint) to November 15, 2024 when her claim became ripe for judicial review of the adverse ruling of the EEB.

### D. The EEB imposed an excessive fine on plaintiff that contravenes the Eighth Amendment

105.    The cost to the University of Washington to send a message to each member of the "Faculty Issues and Concerns" mailing list does not involve any actual, measurable expenditure of public funds. The actual cost to the University of Washington to deliver the eight emails that the EEB found in plaintiff's inbox is so small as to be not measurable.

106.    The EEB denied without explanation plaintiff's request to identify the amount of the monetary sanction for each violation.

107.    The EEB's practice in setting penalties contravenes the "excessive fines" clause of the Eighth Amendment and chills academic discussions on the "Faculty Issues and Concerns" mailing list, thereby violating the First Amendment.

| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-27 | Jay Gairson, WA Bar # 43365 Gairson Law, LLC 4606 Martin Luther King Jr Wy S Seattle, Washington 98108 (206) 357-4218 jay@gairson.com |

# VIII.    Class Allegations

108.    Plaintiffs bring this case individually and, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, for all persons presently subscribed to the "Faculty Issues and Concerns" mailing list.

109.    The proposed class consists of more than 2,300 persons.

110.    There are common questions of fact and law as to whether the above-described policies and practices of the Executive Ethics Board deprive the subscribers of the "Faculty Issues and Concerns" mailing list of rights secured by the First Amendment. Among those common questions are:

a) Does the statutory inability of the EEB to consider First Amendment defenses to complaints of violation of the "Ethics in Public Service" statute render the statute violative of the First Amendment?

b) Is the practice of the EEB to conduct warrantless searches of faculty email authorized by state law and, if so, does that practice result in a violation of rights secured by the First and/or Fourth Amendments?

c) Is the practice of the EEB to rummage through faculty email to hunt for potential violations of WASH. REV. CODE 42.52 encroach on academic freedom in violation of the First Amendment?

d) Is the practice of the EEB to impose significant monetary penalties for the use of state resources that caused de minimis expense authorized by state law and, if so, does that practice chill the exercise of First Amendment rights and

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DECLARATORY
AND EQUITABLE RELIEF-28

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

result in an excessive fine contrary to the Eighth Amendment?

111.    The claims of the named plaintiffs are typical of those asserted for the class and the named plaintiffs will adequately represent the proposed class.

112.    Plaintiffs seek class-wide injunctive and declaratory relief and certification is therefore appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## IX.    Administrative Review

113.    The Court should set aside the order of the EEB imposing a monetary sanction on plaintiff Hagopian for one or more of the following reasons:

a.  The EEB failed to follow a prescribed procedure, in violation of WASH. REV. CODE 34.05.570(3)(c), when it failed to follow the procedure set out in WASH. REV. CODE 42.52.360(2), and obtain from the University of Washington the "reasonable interpretation" mandated by the statute.

b.  The EEB lacks the power to impose a monetary sanction on an employee of the University of Washington under WASH. REV. CODE 42.52.520, which limits permissible sanctions to "disciplinary action."

c.  The EEB engaged in an unlawful procedure, in violation of WASH. REV. CODE 34.05.570(3)(c), when it obtained plaintiff Hagopian's email without the warrant required by the Fourth Amendment.

d.  The EEB has erroneously interpreted state law in its definition of "de minimis" that contravenes Wash. Rev. Code 42.52.360(c).

| | |
|---|---|
| SECOND AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF-29 | Jay Gairson, WA Bar # 43365<br>Gairson Law, LLC<br>4606 Martin Luther King Jr Wy S<br>Seattle, Washington 98108<br>(206) 357-4218<br>jay@gairson.com |

e.  The decision of the EEB to impose a monetary sanction of seven hundred and fifty dollars is an excessive fine that contravenes the Eighth Amendment.

f.  The EEB deprived plaintiff of due process when it failed to follow state law by entertaining an anonymous complaint and imposing sanctions on an allegation that had not been included in the complaint.

WHEREFORE plaintiffs request that the Court order that this case may proceed as a class action, grant appropriate injunctive and declaratory relief, and, on plaintiff Hagopian's supplemental administrative review claim, set aside the order of the EEB imposing a monetary sanction on plaintiff Hagopian.

/s/    Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

Kenneth N. Flaxman
knf@kenlaw.com
Joel A. Flaxman
jaf@kenlaw.com
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiffs*

SECOND AMENDED CLASS ACTION
COMPLAINT FOR DECLARATORY
AND EQUITABLE RELIEF-30

Jay Gairson, WA Bar # 43365
Gairson Law, LLC
4606 Martin Luther King Jr Wy S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com