UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRAHAM FLAXMAN, et al., | CASE NO. C23-1581-KKE |
| Plaintiff(s), | ORDER ON MOTION TO DISMISS |
| v. | |
| NICHOLAS W. BROWN, et al., | |
| Defendant(s). | |

Two University of Washington professors were investigated under Washington's Ethics in Public Service Act ("EPSA") for allegedly using their State-issued email accounts for private gain. They filed this lawsuit against the State of Washington on behalf of themselves and all other members of a "Faculty Issues and Concerns" mailing list, raising constitutional claims and seeking unspecified declaratory and injunctive relief. *See* Dkt. No. 42 (second amended class action complaint). The State filed a motion to dismiss, arguing that Plaintiffs have failed to state a valid federal claim, and that the Court should decline to exercise supplemental jurisdiction over the state-law claim. Dkt. No. 44. Because the Court finds that Plaintiffs' complaint fails to state claims or requests for relief with the requisite clarity, the Court will grant the motion and permit Plaintiffs to amend their complaint.

ORDER ON MOTION TO DISMISS - 1

## I.    BACKGROUND[1]

Plaintiff Abraham Flaxman is a professor of Health Metrics Sciences and Global Health at the University of Washington ("UW") School of Medicine.  Dkt. No. 42 ¶ 1.  Plaintiff Amy Hagopian is a professor emeritus in UW's School of Public Health.  *Id.* ¶ 2.  Professors Flaxman and Hagopian are two of the 2,309 subscribers to UW's "Faculty Issues and Concerns" email mailing list ("the mailing list").  *Id.* ¶¶ 9–17.  Each email sent to the mailing list must be approved by a moderator before it can be transmitted to subscribers, and Professors Flaxman and Hagopian serve as the two primary volunteer moderators.  *Id.* ¶¶ 12–13.

The EPSA prohibits the use of state resources for private gain, unless the use is *de minimus*, or to support a political campaign.  *See* WASH. REV. CODE §§ 42.52.160, 42.52.180, 42.52.900 ("[E]mployees of government hold a public trust that obligates them, in a special way, to honesty and integrity in fulfilling the responsibilities to which they are … appointed.  Paramount in that trust is the principle that public office … may not be used for personal gain or private advantage."); WASH. ADMIN. CODE § 292-110-010(3)(a).  The State's Executive Ethics Board ("the Board") is vested with the power to investigate EPSA complaints and impose sanctions against employees of institutions of higher learning.  *See* WASH. REV. CODE § 42.52.360(3)(d)–(e).  The Board accepts anonymous complaints.  *See* WASH. ADMIN. CODE § 292-100-030(2)(a).  When investigating an anonymous mailing list-related complaint under the EPSA, the Board reviews each email sent or received by the subject of a complaint, not only emails to or from the mailing list.  Dkt. No. 42 ¶¶ 33–34.

---

[1] Allegations in the operative complaint are assumed to be true for purposes of resolving this motion.

ORDER ON MOTION TO DISMISS - 2

**A.      Complaints Against Professor Flaxman**

In December 2022, the Board received an anonymous complaint alleging that Professor Flaxman used public resources to support a political campaign, by forwarding an email written by a list member to the entire mailing list.  Dkt. No. 42 ¶¶ 49–51.  Specifically, the forwarded email at issue in this complaint reads:

> I am volunteering with Whole Washington, a campaign to bring universal healthcare to Washington state.  It seems like many people on the list expressing concern about Regence's ever shrinking provider list (my PT left their network this year saying Regence hasn't increased their reimbursement in over a decade and they can't really afford to continue) might be interested in helping this measure get on the ballot.  The Whole Washington website also has a lot of information about how it would work and expectations around cost, coverage, and whatnot.

*Id*. ¶ 51.  After this narrative portion, the email provides a link where "interested people can see where to sign" and informs readers that "[p]eople who want to collect signatures from family and friends can pick up supplies at any of the bin hosts on the map."  *Id*. ¶ 52.

After the Board received the complaint, the Board gained access to all of Professor Flaxman's emails for the three-month period surrounding the date when the subject email was forwarded.  Dkt. No. 42 ¶ 61.  Based on that review, the Board found reasonable cause to believe that Professor Flaxman had violated the EPSA, and suggested that the penalty for this violation may be more than $500.  *Id*. ¶ 62.  Upon reconsideration, however, the Board terminated the matter in Professor Flaxman's favor.  *Id*. ¶ 63.

In June 2023, the Board received another anonymous complaint that Professor Flaxman had forwarded an email to the mailing list that promoted a political campaign.  Dkt. No. 42 ¶¶ 84–85.  The email in question forwarded information about a potential strike of UW post-doctoral and research scientists/engineers, and the forwarded information provided a list of ways to support the scholars contemplating a strike, which included a donation to a hardship fund.  *Id*. ¶ 87.  In May 2024, after Professor Flaxman responded to the complaint, the Board declined further

ORDER ON MOTION TO DISMISS - 3

investigation, finding that any violation was either inadvertent and minor or had been cured. *Id.* ¶¶ 91–92.

**B.      Complaint Against Professor Hagopian**

In December 2022, the Board received an anonymous complaint against Professor Hagopian, alleging that she had used public resources to support a political campaign by forwarding an email to the mailing list about a strike at the University of California. Dkt. No. 42 ¶¶ 64–67.  The forwarded email included a request to consider donating to the strike fund. *Id.* ¶ 67.  The Board found that this email violated the EPSA by soliciting donations, and that at least 159 other emails discovered during the investigation were used for Professor Hagopian's private benefit, also in violation of the EPSA. *Id.* ¶¶ 74, 76–78.  The Board imposed a monetary penalty of $750 for Professor Hagopian's EPSA violations.  Dkt. No. 45-1.

**C.      Litigation History**

Plaintiffs filed this action in October 2023 against the Attorney General of the State of Washington and the Board's Executive Director, on behalf of themselves and a putative class composed of the members of the mailing list. *See* Dkt. No. 1.  Defendants moved to dismiss, and Plaintiffs mooted that motion by filing an amended complaint.  Dkt. Nos. 12, 15, 22.  Defendants then renewed their motion to dismiss.  Dkt. No. 19.  The Court granted that motion, finding that Plaintiffs' claims were neither constitutionally nor prudentially ripe.  Dkt. No. 27.   Plaintiffs appealed, and the Court of Appeals for the Ninth Circuit reversed, finding that Plaintiffs' claims were ripe and not barred by *Younger* abstention.  Dkt. No. 43.

Post-remand, the parties agreed to consolidate this case with another case Professor Hagopian filed to challenge the Board's order against her, and Plaintiffs filed the second amended consolidated complaint in November 2025.  Dkt. No. 42.  Defendants filed a motion to dismiss, arguing that the operative complaint does not satisfy Federal Rule of Civil Procedure 8 because it

ORDER ON MOTION TO DISMISS - 4

fails to list any claims for relief, nor can any claims be discerned without resorting to speculation. Dkt. No. 44 at 8–9, Dkt. No. 49 at 3–4. Defendants also argue in the alternative that to the extent federal claims could be discerned from the complaint's factual allegations, such claims fail as a matter of law. Dkt. No. 44 at 9–18. Defendants ask the Court to dismiss those claims with prejudice and decline to exercise supplemental jurisdiction over Professor Hagopian's state-law claim. *Id.* at 18–20. And because Plaintiffs' complaint fails to cure the deficiencies previously identified in multiple motions to dismiss, Defendants request reasonable attorney fees and costs in bringing the motion. *Id.* at 20–21. Defendants' motion is now fully briefed and ripe for resolution.

## II.    ANALYSIS

### A.    Legal Standards

A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "[T]he main purpose of the complaint is to provide notice to the defendant of what plaintiff's claim is and the grounds upon which the claim rests." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990). "However, notice to the defendant of the mere existence of a grievance is not enough, and while it is not necessary that plaintiff state sufficient facts to constitute a cause of action, plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds for recovery." *Id.* "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). "It is not just, speedy, or inexpensive to force opposing parties and courts to separate the wheat from the chaff in a complaint." *Id.* at 1290. When courts determine that a complaint fails to meet the Rule 8 standard,

"they should not hesitate to afford such parties one last opportunity to make themselves understood." *Id*.

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible if plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**B.      The Nature of Plaintiffs' Claims and the Relief Requested Must Be Clarified.**

The complaint includes a section entitled "Statutory and Constitutional Claims" that challenges, with reference to the First and Eighth Amendments to the United States Constitution, Board policy and penalties, as well as the laws that apply to the Board. Dkt. No. 42 ¶¶ 93–107. The complaint also includes a section entitled "Class Allegations," challenging (with reference to the First, Fourth, and Eighth Amendments) Board practices as well as laws that apply to the Board. *Id*. ¶¶ 108–112. The complaint does not contain a "Prayer for Relief" section, although it does state that Plaintiffs seek "class-wide injunctive and declaratory relief." *Id*. ¶ 112.

As in *Gibson*, the Court finds that Plaintiffs' complaint is deficient not as to its factual allegations, but in the identification of the causes of action and requests for relief. *See* 165 F.4th at 1291. With respect to the First Amendment claim(s), the Court cannot determine whether Plaintiffs bring a facial challenge to any statute or whether they challenge only as-applied Board conduct. The complaint alleges that the Board's interpretation of EPSA to prohibit an "incidental request for contributions to a particular cause … chills the exercise of First Amendment Rights by participants in the 'Faculty Issues and Concerns' mailing list." Dkt. No. 42 ¶¶ 94, 96. The complaint also alleges that by imposing penalties on conduct that "result[s] in a de minimis

expense to the state[,]" the Board's practice "chills academic discussions on the 'Faculty Issues and Concerns' mailing list." *Id.* ¶ 99. The complaint thus alleges that Professor Hagopian, Professor Flaxman, and other mailing list subscribers have been deprived of their First Amendment rights due to the Board's interpretation and enforcement of EPSA. *Id.* ¶¶ 96, 99, 100, 107, 110. The Ninth Circuit assumed (based on its reading of a prior iteration of the complaint) that Plaintiffs bring a First Amendment retaliation claim. Dkt. No. 43. But this theory finds scant support in the operative complaint (Dkt. No. 42 at 2), and Plaintiffs' opposition brief does not cite First Amendment retaliation cases. Dkt. No. 48. Instead, it cites cases discussing claims for invasion of privacy under the California constitution, as well as cases addressing First Amendment privacy claims related to academic freedom. *Id.* at 23–29. Without clarity as to the nature of the First Amendment claims that Plaintiffs bring, the Court cannot evaluate whether the complaint alleges facts that would support a plausible claim for relief.

Likewise, the complaint lacks clarity as to any Fourth Amendment claim(s) raised. The "Statutory and Constitutional Claims" part of the complaint does not reference the Fourth Amendment. *See* Dkt. No. 42 ¶¶ 93–107; *but see id.* ¶¶ 43, 75 (alleging that Plaintiffs maintain a privacy interest in their emails). The "Class Allegations" part of the complaint questions whether the Board's warrantless searches of faculty email violates the Fourth Amendment. *Id.* ¶ 110(b). The Court cannot determine whether Plaintiffs bring an as-applied Fourth Amendment challenge to the Board's warrantless search of Professor Flaxman's and Professor Hagopian's (and other class members') emails (*id.*), and/or whether they allege that the regulation permitting warrantless searches is facially unconstitutional. *Id.* ¶¶ 42–43. The complaint must therefore be clarified in this respect as well.

And as to potential claims related to the Eighth Amendment and/or other Amendments, the complaint alleges that the Board's imposition of a monetary sanction against Professor Hagopian

ORDER ON MOTION TO DISMISS - 7

is unconstitutional because she was not permitted to object to the penalty on constitutional grounds until the Board had rendered a final decision. Dkt. No. 42 ¶¶ 101–04. The complaint also alleges that the fine imposed was "excessive" because the cost borne by the State to deliver the offending emails is "so small as to be not measurable" and yet the State fined Professor Hagopian $750. *Id*. ¶¶ 105–07. The complaint further asserts that the Board lacks the statutory power to impose monetary sanctions because the only permissible sanction under state law is a "disciplinary action." *Id*. ¶ 97 (citing WASH. REV. CODE § 42.52.520). The link between these allegations and any particular constitutional right or theory is unclear and must be clarified.

Moreover, as noted above, the complaint does not distinctly request any particular relief, other than a passing reference to "class-wide injunctive and declaratory relief" (Dkt. No. 42 ¶ 112). The complaint does not request that any particular action or conduct be enjoined, or that the Court declare anything in particular. Plaintiffs suggest that because the complaint describes facts that could support constitutional claims, and constitutional violations constitute irreparable injury, "detail[ing] the precise relief sought" is unnecessary. Dkt. No. 48 at 20. There may be situations where detailing the precise relief sought is unnecessary, but here, the absence of a request for relief only compounds the overall lack of clarity given that the complaint does not list specific causes of action. Without a list of claims *or* a statement of the relief requested, the Court declines any further attempts to reverse-engineer the complaint to "imagine the claims that might fit the facts" alleged. *Gibson*, 165 F.4th at 1289.

### III.    CONCLUSION

For these reasons, the Court finds that Plaintiffs' complaint fails to satisfy Federal Rule of Civil Procedure 8, and the Court thus GRANTS Defendants' motion to dismiss. Dkt. No. 44.

The Court will nonetheless grant Plaintiffs a final opportunity to clarify their claims, and thus does not consider Defendants to be prevailing parties on the merits, for purposes of their fee

ORDER ON MOTION TO DISMISS - 8

request under 42 U.S.C. § 1988.  Plaintiffs may file an amended complaint no later than July 2, 2026.

Dated this 1st day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTION TO DISMISS - 9